UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CODY DYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-CV-284-JTM-JPK |
| | ) |
| NORFOLK SOUTHERN RAILWAY CO.; | ) |
| PROFESSIONAL TRANSPORTATION, INC.; | ) |
| JOVON PIPPIN; GRO TRANSPORTATION, LLC; | ) |
| and DARLA K. HARRELL, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a motion by non-party GEICO Choice Insurance Company to intervene in this action pursuant to Federal Rule of Civil Procedure 24. (DE 98). No party to the action has filed a written response to the motion.[1] For the reasons discussed below, GEICO's motion is **DENIED**.[2]

---

[1] The lack of a written objection to GEICO's intervention motion by any party "is not dispositive … because consent of a party does not entitle one to intervention as a matter of right, or to permissive intervention." *Wade v. Goldschmidt*, 673 F.2d 182, 184 n. 3 (7th Cir. 1982) (per curiam).

[2] Inasmuch as GEICO has not consented to the disposition of its claim by a magistrate judge, the issue arises whether this Court has the power under 28 U.S.C. § 636(b)(1)(A) to resolve GEICO's motion or only the power under 28 U.S.C. § 636(b)(1)(B) to recommend a resolution of the motion to Judge Moody. The Court's review of applicable case law supports the view that a motion to intervene is a nondispositive order for which the undersigned has the authority to resolve. Should GEICO believe otherwise, it may raise that argument by filing objections with Judge Moody within fourteen days of entry of this order. *See* Fed. R. Civ. P. 72.

**BACKGROUND**

This lawsuit involves an automobile accident in which Plaintiff Cody Dyer was injured. The named defendants include Norfolk Southern Railway Company ("Norfolk Southern"), Professional Transportation, Inc. ("PTI"), GRO Transportation, LLC ("GRO"), Darla K. Harrell, and Jovan Pippin. According to the First Amended Complaint, the automobile accident occurred when Dyer, employed as a conductor by Norfolk Southern, was being transported on the evening of December 6, 2018 from one railway line to another. Norfolk Southern had a contract with PTI to provide Norfolk Southern employees transportation between railway lines. Dyer alleges that PTI assigned or subcontracted its transportation duties on the evening in question to GRO, which provided a van driven by Harrell to take Dyer and several other Norfolk Southern employees where they needed to go. Dyer alleges that en route to their destination, Harrell caused the van to collide with another vehicle, driven by Pippen, which ran a red light. Harrell was proceeding through a green light at the time and apparently did not see Pippen's car entering the intersection on the red light (or at least not in time to avoid a collision). Dyer filed this lawsuit, alleging that Norfolk Southern is liable for his injuries under the Federal Employers' Liability Act, 45 U.S.C. § 56, and that PTI, GRO, Harrell, and Pippen are also liable for his injuries under common law principles of negligence.

**DISCUSSION**

Proposed Intervenor GEICO issued an automobile insurance policy to Harrell, which covered six automobiles including the van Harrell was driving at the time of the accident. GEICO asserts that the policy does not provide coverage for either GRO or Harrell[3] because (1) the policy does not name GRO as an insured; (2) the policy contains a specific exclusion of coverage for

---

[3] Harrell is described by GEICO as the "owner/operator" of GRO. *E.g.* (DE 98 at 12 (¶ 11)).

bodily injury or property damage claims for "any vehicle used to carry passengers or goods for hire"; and (3) Harrell refused to cooperate with GEICO's investigation of the claim. Notwithstanding its position on coverage, GEICO states that it has assigned a defense for the accident to both Harrell and GRO under a reservation of rights. In the instant motion, GEICO seeks to intervene to assert a claim for declaratory judgment that GEICO is not obligated to defend or indemnify Harrell or GRO with regard to Dyer's claims against them in this case. GEICO argues that it is entitled to intervene as a matter of right or, alternatively, that it should be permitted to intervene. The Court disagrees on both counts.

A.   **INTERVENTION AS OF RIGHT**

Under Federal Rule of Civil Procedure 24(a), a non-party is entitled to intervene as of right when it

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). "To intervene in a federal lawsuit under Federal Rule of Civil Procedure 24(a)(2), a proposed intervenor needs to meet four elements: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (internal quotation marks and citation omitted). "The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion." *Id.*

GEICO's intervention motion asserts in a conclusory manner that the required elements for intervention as of right are met here. As to the first requirement, GEICO merely asserts that its

request to intervene "is timely made" (DE 98 at 6) without mentioning any specifics regarding that timing, i.e., that it filed its motion to intervene fifteen months after this lawsuit was filed. In fact, whether GEICO's motion to intervene is timely is questionable. *See Wade,* 673 F.2d at 186 n. 8 (noting "that there was an inordinate amount of time, between the applicants' knowledge of the interest that they now assert and their motion to intervene," and that "[s]uch delay seriously prejudices the existing parties"); *see, e.g, Sachs v. Reef Aquaria Design Inc.,* No. 06 C 1119, 2007 WL 2973841, at *2 (N.D. Ill. Oct. 5, 2007) ("Atlantic Casualty does not explain why it waited for more than a year after it became aware of the case to file its application to intervene. Atlantic Casualty's lengthy and unexplained delay in filing the instant motion weighs heavily against a finding of timeliness.").

GEICO also asserts in a conclusory fashion that the second requirement of an interest in the subject matter of the litigation is satisfied (DE 98 at 5), without specifying what that interest is and without citing case law to support its claim of an interest that would satisfy the rule.[4] "Rule 24(a)(2) requires a direct, significant legally protectable interest in the property or transaction subject to the action." *Wade*, 673 F.2d at 185. Whether GEICO has such an interest related to the

---

[4] The only cases cited by GEICO in support of intervention as of right are inapposite. In *Hartford Accident & Indemnity Co. v. Crider*, 58 F.R.D. 15 (N.D. Ill. 1973), the court granted the intervention motion filed by the party who was injured by the insured's conduct, where intervention was sought in a separate declaratory judgment action filed by the insurance company to establish the insurance company's duties to defend and/or indemnify. In other words, *Hartford* would support an intervention motion by *Dyer* in a separate declaratory action filed by GEICO to determine coverage (were GEICO to file such an action). Nothing in *Hartford* supports GEICO's argument here that it is entitled to assert its claims for declaratory relief regarding its duty to defend and to indemnify by intervening in the tort action between the injured party and the insured rather than by filing a separate declaratory judgment action. The additional two cases GEICO cites (DE 98 at 6-7 n. 5) are from 1995 and 1987 respectively, and deal with the unrelated issue of whether and when a district court should exercise its discretionary power to entertain a separate declaratory judgment action brought by an insurer seeking to clarify whether it has a duty to defend and/or indemnify. There is nothing stopping GEICO from bringing a separate declaratory action to determine its duty to defend and indemnify as the insurers did in those cases.

subject matter of this litigation is questionable. For instance in *Travelers Indemnity Co. v. Dingwell,* 884 F.2d 629, 638 (1st Cir. 1989), the court found that where an insurer reserves the right to deny coverage, its interest in the underlying tort case in minimizing the injured parties' recovery is "not cognizable for purposes of Rule 24(a)(2)" because it "is contingent on the resolution of the coverage issue." Further, the court held, the insurer's additional interest in establishing that the claims in the underlying lawsuit are not covered or have been waived is not an interest that is related to the subject matter of the underlying tort action. *Id.* at 640. "This lawsuit involves the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy." *Id.*; *see also Restor–A–Dent Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984) (holding that insurer's interest in the amount it would have to pay under the policy if the plaintiff in the underlying tort action wins was not "an interest in the subject matter of the action between [the tort plaintiff] and [the insured]," and also finding that the insurer's interest does not qualify because it is contingent on both the tort plaintiff succeeding in the lawsuit and on a finding of coverage); *Folkstone Maritime, Ltd. v. CSX Corp.*, No. 88 C 4040, 1989 WL 165059, at *3 (N.D. Ill. Dec. 28, 1989) (observing that "the parties have not cited the Court to a case, nor has the Court itself been able to locate one, which tackles the question of whether a pending but *unpaid* insurance claim is enough to permit an insurer to intervene in litigation concerning the events underlying that claim," and then "conclud[ing] that it was not") (emphasis in original)).[5]

---

[5] Other district courts in this circuit have reached the same conclusion as the court in *Folkstone Maritime, Ltd.* on similar facts, denying intervention by the insurer of an alleged tortfeasor in the underlying tort case between the injured party and the insured. *See, e.g., Sachs,* 2007 WL 2973841, *3; *Lent v. Hitachi Zosen Clearing, Inc.*, No. 88 C 2427, 1989 WL 152285 (N.D. Ill. Nov. 6, 1989); *cf. Taco Bell Corp. v. Continental Cas. Co.,* No. 01 C 0438, 2003 WL 124454 (N.D. Ill. Jan. 13, 2003) (excess insurer's interest arising out of its potential duty to indemnify held insufficient to justify intervention in suit brought by insured against primary insurer seeking declaration of latter's

Like the insurer in *W.A.T.C.H. TV Co. v. Jarman*, No. 1:21-cv-550-RLY-MJD, 2021 WL 3913496, at *1–2 (S.D. Ind. Aug. 30, 2021), GEICO's argument for intervention is based on its interest in not having to provide Harrell and GRO a defense in this action. According to GEICO, until a coverage determination is made, "GEICO will continue to employ and pay the attorneys providing the defense to Harrell and GRO under a reservation of rights." (DE 98 at 5). GEICO claims its interest in not having to provide a defense is impaired without intervention because it will be forced to continue to bear the expense of litigation and trial on behalf of Harrell and GRO until the coverage question is resolved. (*Id.*).

In the first place, GEICO does not have to intervene in this lawsuit to protect its interest in not having to provide a defense for claims it believes are not covered by the insurance policy. GEICO could have immediately filed a separate declaratory judgment action to resolve that question. *See, e.g., Med. Assurance Co. v. Helman,* 610 F.3d 371, 381 (7th Cir. 2010); *Nationwide*

---

duty to defend separate tort action); *Chrysler Corp. v. Haden Uniking Corp.,* 158 F.R.D. 405 (N.D. Ill. 1994) (similar). In addition, while the right to intervene is procedural and thus federal law applies even in a diversity suit, *see Williams v. Katz*, 23 F.3d 190, 192 (7th Cir. 1994), the Seventh Circuit has referred to state law "to inform the Rule 24(a)(2) calculus," *Planned Parenthood of Wis., Inc.,* 942 F.3d at 797 (quoting *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 208 (1st Cir. 1998)). In applying the state equivalent to Federal Rule 24(a)(2), the Indiana Court of Appeals has held that when an insurer attempts to intervene in the action between its insured and the injured party but reserves the right to deny coverage, intervention was improper because the insurer's asserted interest was contingent rather than direct. *See Granite State Ins. Co. v. Lodholtz*, 981 N.E.2d 563, 566-67 (Ind. Ct. App. 2012) (citing *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 15 (Ind. Ct. App. 2006)). Other states have also so held. *See Ex parte Builders Mut. Ins. Co.*, 431 S.C. 93, 99, 847 S.E.2d 87, 90 & n.2 (2020) (holding that insurance company was not entitled to intervene as of right in construction defect action between property owners' association and insured construction contractors because insurer's interest was remote and contingent rather than direct and immediate, and asserting, with case citations, that "[a] significant number of courts" discussing intervention by an insurance company as a matter of right under similar factual scenarios have reached the same result); *Whitehead v. Lakeside Hosp.,* 844 S.W.2d 475, 479 (Mo. Ct. App. 1992) ("The liability of an insurer as potential indemnitor of the judgment debtor does not constitute a direct interest in such a judgment so as to implicate intervention as of right in that action.").

*Ins. v. Zavalis,* 52 F.3d 689, 695 (7th Cir. 1995); *Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.,* 859 F.2d 548, 553 (7th Cir. 1988); *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970). That GEICO has been providing a defense under a reservation of rights for almost two years now without having sought to resolve the issue of its duty to defend by filing a separate declaratory judgment action cuts against GEICO's assertion that it has an actual, time-sensitive need to resolve the duty to defend issue.[6]

In any event, as the court recognized in *W.A.T.C.H. TV Co.*, the argument that intervention is needed to cut-off an insurer's obligation to continue to pay the insured's attorney's fees when coverage is denied actually "demonstrates that [the insurer] is not seeking to intervene to avoid potential impairment of its rights by the resolution of this case, but rather because it believes having its claims decided in this case will be quicker and more efficient than having them decided in a separate suit. [The insurer's] interests in a quicker and more efficient resolution of its claims simply do not satisfy the requirements of Rule 24(a)." 2021 WL 3913496, at *1–2.

Given these deficiencies in its intervention motion, the Court directed GEICO to file a supplemental memorandum and specifically requested that memorandum provide additional case citations that would support intervention as of right in circumstances similar to those here. *See* (DE

---

[6] GEICO will not be prejudiced in its ability to contest its duty to indemnify by continuing to provide a defense rather than resolving the coverage issue immediately. Under Indiana law, an insurer will not be estopped from raising a defense to coverage under the insurance policy so long as the insurer either defends the insured under a reservation of rights or files a declaratory judgment action to clarify the scope of coverage. *See State Farm Fire & Cas. Co. v. T.B. ex rel. Bruce*, 762 N.E.2d 1227, 1231 (Ind. 2002) (holding that an insurer who is defending the insured in the underlying tort action under a reservation of rights will not be collaterally estopped by factual findings in that action); *see also Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, 260 F. Supp. 3d 1023, 1038 n.8 (S.D. Ind. 2017). Thus, GEICO cannot show any prejudice or impairment of its rights if it is not allowed to intervene. *See Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982) ("The existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding.").

7

104). GEICO's supplemental filing (DE 106) represents that it could find no case law to support its Rule 24(a) argument, and therefore GEICO now concedes that it is not entitled to intervene as of right. *See* (*id*. at 2). In sum, GEICO has not met its burden of proving the existence of the required conditions for intervention of right. *See Folkstone Mar., Ltd.*, 1989 WL 165059, at *5 ("However light the burden may be upon the proposed intervenor … conclusory argument[s] will not pass muster.").

### B.   PERMISSIVE INTERVENTION

Under Rule 24(b) a district court "may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A district court's decision on whether to permit intervention under Rule 24(b) is "wholly discretionary," and a denial of a motion for permissive intervention is reviewed on appeal under an abuse of discretion standard. *Planned Parenthood of Wis., Inc.*, 942 F.3d at 803 (citing *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)). "The Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' but otherwise does not cabin the district court's discretion." *Id.*

As an initial matter, "[a] proposed intervenor seeking to intervene permissively must also establish an independent basis for the Court's subject matter over its dispute with the parties." *Folkstone Mar., Ltd.,* 1989 WL 165059, at *6 n.3; *see also Lent*, 1989 WL 152285, at *4 ("Permissive intervention differs from intervention as of right in that the court does not have ancillary jurisdiction over the intervenor's claims."). GEICO's declaratory judgment claims are contractual in nature and thus based on state law. While GEICO may be able to properly allege

8

diversity jurisdiction over its insurance coverage dispute, the Court notes that it has failed to do so in the proposed intervenor complaint.[7]

A second initial inquiry is the timeliness of GEICO's intervention motion. Like intervention as of right, "[p]ermissive intervention ... is proper only where the application was timely." *Heartwood Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003). The factors to consider in determining whether a motion to intervene is timely include the length of time the intervenor knew or should have known of his interest in the case; the prejudice caused to the original parties by the delay; the prejudice to the intervenor if the motion is denied; and any other unusual circumstances. *Id.* GEICO knew of its interest in this case at least from the time when this case was filed but it waited to file its motion to intervene for another fifteen months. In *State v. City of Chicago*, 912 F.3d 979, 985 (7th Cir. 2019), and *City of Bloomington, Ind. v. Westinghouse Elec. Corp.*, 824 F.2d 531, 535 (7th Cir. 1987), the Seventh Circuit found a motion to intervene

---

[7] The proposed intervenor complaint alleges that GEICO is a Maryland corporation with its principal place of business in Maryland, that Harrell is a citizen and resident of Indiana, and that GRO "is a corporation duly organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana." (DE 98 at 9 (¶ 3)). These allegations are not sufficient to establish diversity jurisdiction over the intervenor complaint without further clarification as to whether GRO is, as its name implies, a limited liability company, or instead, is, as the allegation implies, a corporation. If GRO is a limited liability company rather than a corporation, then allegations of the place where it is organized and has its principle place of business are insufficient. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the … members' citizenships matter," and "their identities must be revealed"); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). In addition, the proposed intervenor complaint is ambiguous as to whether GEICO intends for Dyer and Pippen to be named defendants as well. They are omitted from the introductory paragraph identifying the defendants against whom GEICO seeks declaratory relief but identified in the body of the intervenor complaint as "nominal" parties (DE 98 at 12 (¶¶ 6-7)), without explanation as to what that term is intended to mean or its relevance to identifying the parties to the proposed intervenor complaint for purposes of evaluating this Court's diversity jurisdiction over that complaint.

untimely where the movant had knowledge that its interests could be affected more than eleven months prior to the time it sought intervention. *See also Southmark Corp. v. Cagan*, 950 F.2d 416, 418 (7th Cir. 1991); *see also Sachs,* 2007 WL 2973841, at *2 (where insurer defended the insured under a reservation of rights for over a year before moving to intervene). As discussed below, the prejudice caused by GEICO's delay, as well as the lack of prejudice to GEICO if its intervention motion is denied as previously discussed (*supra* n. 6), weigh against a finding of timeliness. Like in *Sachs*, the untimeliness of GEICO's motion to intervene "alone is reason enough to deny its application under Rule 24(b)." 2007 WL 2973841, at *4.

Aside from jurisdictional and timeliness issues, the two questions the Court must consider as to permissive intervention are (1) whether GEICO has a claim that shares a question of law or fact in common with this action, and (2) whether intervention would unduly delay resolution of this litigation with respect to the current parties. *Folkstone Maritime., Ltd.*, 1989 WL 165059, at *6. GEICO has not shown either factor warrants permissive intervention.

Significantly, GEICO appears to admit that its declaratory claims regarding coverage under the insurance policy do not give rise to legal or factual issues that overlap with the issues already in this lawsuit. *See* (DE 106 at 3 (stating that "facts concerning the nature and extent of Harrell's conduct and capacity in respect to Harrell's interactions with GEICO and her transporting passengers for hire" are likely "dispositive of both indemnity and duty to defend" but "are not determinative of fault in operation of the motor vehicles" as between Plaintiff and Defendants)).

Citing *Illinois National Insurance Co. v. Temian*, 779 F. Supp. 2d 921, 925 (N.D. Ind. 2011), GEICO argues that "[t]here does not appear to be any rule requiring actual overlap of operative facts in order for federal courts to exercise jurisdiction over and to decide coverage suits." (DE 106 at 3 n.3). But *Temian* is inapposite as it discusses the issue of overlapping facts

10

not in the context of a Rule 24(b) finding but in the context of deciding the question of whether a district court should exercise jurisdiction over a coverage dispute brought in a separate proceeding. Where the insurance company brings a separate declaratory action to resolve coverage issues, overlapping facts may counsel against the district court exercising its discretionary jurisdiction insofar as the duty to indemnify is concerned, but not insofar as the duty to defend is concerned. *See Zavalis,* 52 F.3d at 695. Overlapping facts would not be a basis for a court to decline jurisdiction in a separate declaratory judgment action to decide whether GEICO has a duty to defend because the duty to defend issue is resolved by reference to the allegations in the complaint. *Id.* Overlapping facts may, however, result in a court declining to exercise jurisdiction over a separate declaratory judgment action to allow for those issues to be resolved in the underlying tort action. But such a ruling in a separate declaratory judgment action were GEICO to file one would not prejudice GEICO, *see supra* n.6, and is not a reason for allowing GEICO to intervene in this action.

In all, GEICO seems to have disavowed any argument that there are overlapping legal or factual issues in this case. To the extent that is not the case and there is factual or legal overlap, it would appear to be minimal and tangential to the issues in this case. Moreover, the existence of any overlap will not prejudice GEICO if intervention is not allowed, as discussed above.

Finally, the Court does not agree with GEICO's argument that court discretion should be exercised in favor of allowing intervention based on efficiency concerns. The thrust of GEICO's argument is that permitting intervention will be more efficient than requiring GEICO to file a separate declaratory judgment action raising the coverage issues because (1) a developed record already exists in this case; (2) discovery in a separate action will duplicate much of the discovery that has occurred in this case; and (3) GEICO's intervention will not result in postponement of the

trial or an extension of any existing case deadlines because GEICO will simply file a dispositive motion on the issue of coverage. (DE 106 at 3). The Court is not convinced by these arguments.

First, the deadline for discovery to be completed has passed and the parties have filed summary judgment motions that are currently pending. "Intervention is a drastic measure, considering that a party granted leave to intervene as of right under this rule has the full rights of a party. In other words, [GEICO] would [ ] have the right to issue discovery requests," *Hankins v. Alpha Kappa Alpha Sorority, Inc*., 447 F. Supp. 3d 672, 692 (N.D. Ill. 2020) (internal quotation marks and citation omitted), when discovery is supposed to be closed at this time.

Second, it is well established that potential conflicts of interest exist between an insured and an insurer where the insurer is defending the insured under a reservation of rights. *See, e.g., Armstrong Cleaners, Inc. v. Erie Ins. Exchange,* 364 F. Supp. 2d 797, 805-10 (S.D. Ind. 2005). Those potential conflicts will not disappear if a separate declaratory lawsuit is filed, but they can more easily be managed when the issue of coverage and the issue of liability to a third party are addressed in separate proceedings.

Third, the coverage issue is separate and distinct from the liability issues in this litigation. Therefore, intervention would be injecting a new and disparate set of issues into the case. Doing so would not be in the best interests of this litigation. *See Wade*, 673 F.2d at 187 n. 11 ("[T]here are serious concerns for delay and prejudice because … applicants seek to raise other issues which are irrelevant to the legal issue confronting the district court."); *Dingwell*, 884 F.2d at 640 (finding it improper "to drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability among joint tortfeasors"). GEICO asserts that the parties would benefit from having the coverage issue resolved in advance of the mediation scheduled for this case. (DE 106 at 4). But the issue here is not *whether* resolving the coverage issue would be beneficial but whether

it should be resolved *as part of this lawsuit*.[8] GEICO and/or the other concerned parties, including Dyer, DRO and Harrell, could at any time initiate a separate declaratory judgment action to resolve the coverage question if resolution of that issue would further efforts to settle this case. *See, e.g., Atlantic Casualty Ins. Co.,* 2022 WL 910560, at * 10. There simply is no need to resolve the issue of GEICO's duty to defend as part of this action, and the Court sees no benefit to expanding the scope of this litigation by entertaining a declaratory judgment action on insurance coverage. S*ee Meridian Homes Corp. v. Nicholas W. Prassas & Co.,* 89 F.R.D. 552, 555 (N.D. Ill. 1981) (intervention inappropriate where pending state court action would fully adjudicate claims; no need to further complicate action by interjection of new parties and claims), *aff'd*, 683 F.2d 201 (7th Cir. 1982); *Wade*, 673 F.2d at 187 n.10 ("'(W)e should be ... wary, lest the manageable lawsuit become an unmanageable cowlick.'" (quoting *Wilderness Soc'y v. Morton*, 463 F.2d 1261, 1263 (D.C. Cir. 1972) (Tamm, J. concurring))).

In sum, "[i]n light of the substantial amount of time which the Court and the parties have already expended in this action [and] the complexity of the issues … the admission of *any* new party brings with it the potential for delay, multiplicity, and confusion." *Folkstone Maritime, Ltd.,* 1989 WL 165059, at *7 (emphasis in original). "[F]or the Court to permit intervention in the circumstances of this case would be a somewhat extraordinary measure," and given that GEICO can easily obtain the relief it seeks through a separate lawsuit, "the Court will not take such a step absent compelling reasons to do so. [GEICO] ha[s] simply not made a convincing case that

---

[8] *See Wade,* 673 F.2d at 184 ("It is critical to the determination of the propriety of granting a motion to intervene for [the court] to crystalize the relevant scope of the trial in which applicants seek to intervene. [The court's] review of an intervention [motion] does not involve an examination of the theoretical interests of proposed intervenors that would justify the initiation or the defense of a lawsuit in appropriate circumstances. 'In the context of intervention the question is not whether a lawsuit should be begun (or defended), but whether already initiated litigation should be extended to include additional parties.'") (quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969))).

intervention is either a necessary or prudent course." *Id.; see also Taco Bell Corp.,* 2003 WL 124454, at *7 ("[G]iven the advanced age of this case, the narrow issues presented in the complaint, the significant efforts already expended by the current parties, and the imminence of the trial …, the Court holds that allowing TIG to intervene permissively at this point is neither necessary nor prudent.").

## CONCLUSION

For the foregoing reasons, GEICO's Motion for leave To Intervene (**DE 98**) is **DENIED**. So ORDERED this 16th day of June, 2022.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT