UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CODY DYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20 CV 284 |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, PROFESSIONAL | ) |
| TRANSPORTATION, INC., JOVON | ) |
| PIPPIN, GRO TRANSPORTATION, | ) |
| LLC, and DARLA HARRELL, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Before the court is the motion of defendants Norfolk Southern Railway Company ("Norfolk") and Professional Transportation, Inc. ("PTI"), for summary judgment on the claims of plaintiff Cody Dyer. (DE # 107.) As explained herein, this motion is denied, as is defendants' motion for oral argument on the same (DE # 109).

### I.   BACKGROUND

On December 6, 2018, plaintiff was an employee of defendant Norfolk, working on moving a train from one part of Indiana to another. Defendant Darla Harrell was the driver of a taxi plaintiff claims was provided by defendant PTI and hired by Norfolk to transport plaintiff and three coworkers from their motel to their assigned train.

During this transport, Harrell proceeded east towards an intersection with a green light. It is undisputed that Harrell's view of the intersection was unobstructed. Harrell contends that she looked left and right upon approaching the intersection. At

the same time, another driver, Jovon Pippen, ran a red light heading northbound through the same intersection. Plaintiff submits that a coworker in the backseat of the car, Jason Vineyard, alerted Harrell to the presence of Pippen's vehicle in the intersection. Thereafter, Harrell's vehicle hit the rear and side of Pippen's vehicle. Plaintiff sustained injuries and sued Norfolk, PTI, GRO Transportation LLC, Pippin, and Harrell, alleging negligence and violations of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et. seq.* (DE # 1.)

Defendants Norfolk and PTI now move for summary judgment on plaintiff's claims, arguing that Harrell was not the cause of plaintiff's injuries and had no duty to avoid Pippen's vehicle. (DE # 107.)[1] Plaintiff has responded (DE # 126), and defendants have replied (DE # 122). The motion is now ripe for ruling.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact

---

[1] Defendants appear to have assumed arguendo that Harrell was their agent for purposes of the present motion. In his response, plaintiff requested "summary judgment" on the issue, contending that defendants have effectively conceded agency by failing to mention it. The court declines to rule on plaintiff's request; motions for summary judgment shall be filed and briefed in accordance with federal and local rules, not embedded in responsive briefs.

and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all

legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III. DISCUSSION

Defendants argue that they are entitled to summary judgment on plaintiff's claim under FELA, a statute that provides a federal cause of action for railroad employees injured as a result of employer negligence. 45 U.S.C. § 51 *et. seq.* Plaintiff claims that defendants were negligent in violation of FELA by failing to provide him with reasonably safe transportation in connection with his job.

#### A. Causation

Defendants' first argument regarding the FELA claim is that there is insufficient evidence that Harrell caused plaintiff's injuries. Claims of negligence under FELA are subject to a standard somewhat different than that applicable to common law claims of negligence. In particular, FELA claims are subject to a "relaxed standard of causation." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994). Under FELA, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506 (1957). Thus, the issue with respect to the present motion for summary judgment is whether any reasonable juror could find that Harrell's negligence played any part, even the slightest, in producing plaintiff's injuries.

This question is easily resolved in plaintiff's favor. A reasonable juror could consider the undisputed facts (specifically Harrell's unobstructed view of the

4

intersection and the fact that Harrell was the one who hit Pippin, not the other way around) and determine that Harrell played *some* part in the crash that caused plaintiff's injuries. A jury could resolve additional questions of fact in plaintiff's favor as well, strengthening plaintiff's case; these additional facts might include a determination that Jason Vineyard, a backseat passenger, saw Pippin running the red light and yelled in the vehicle prior to the crash, providing Harrell with some degree of notice. With or without additional fact-finding, a reasonable juror could side with plaintiff. Precisely to what extent, if any, Harrell's acts or omissions contributed to plaintiff's injuries is yet to be determined.

### B. Duty

Defendants also argue that both the FELA claim and the state law negligence claim must fail because Harrell, who undisputedly had the green light and the right-of-way, had no duty to yield to Pippin who was running a red light. Defendants point out that under Indiana law, Harrell had no duty to proceed overly cautiously into an intersection on a green light, citing *Merida v. Cardinal,* 749 N.E. 605, 607 (Ind. Ct. App. 2001). However, *Merida* also states that a driver with the right-of-way "must still exercise due care at an intersection." *Id.* at 606. A reasonable juror *could* determine that, despite having the right of way, Harrell did not exercise due care as evidenced by the fact that she struck another vehicle in an intersection with an unobstructed view. Whether a jury will, in fact, come to such a conclusion is not certain. For now, the fact that a juror *could* make such a decision is dispositive.

5

Further, Indiana law states that the right to assume the law-abiding behavior of other drivers is only applicable "in the absence of knowledge to the contrary." *Anderson v. Pre-Fab Transit Co.*, 409 N.E.2d 1157, 1162 (Ind. Ct. App. 1980). In this case, there are questions of fact regarding whether Jason Vineyard, a backseat passenger, alerted Harrell to the presence of Pippin's vehicle and whether the accident could have been avoided or otherwise mitigated in light of such an alert. Accordingly, the court cannot determine that Harrell had no duty under FELA or Indiana negligence law to take measures to avoid running into Pippin's vehicle, and summary judgment cannot be granted on such grounds.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** defendants' motion for summary judgment. (DE # 107.) Defendants' related motion for oral argument is **DENIED.** (DE # 109.)

**SO ORDERED.**

Date: October 14, 2022

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT